IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                        No. CR 13-00067 WJ
                                                       No. CV 16-00633 WJ/KRS

EDDIE SHIRLEY,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Rule 4(b) of the Rules Governing Section 2255 Proceedings on the Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Movant Eddie Shirley on June 22, 2016 (CV Doc. 1; CR Doc. 92). Shirley seeks to vacate and correct his sentence under *Johnson v. United States,* 578 U.S. ___, 135 S.Ct. 2551 (2015). The Court determines that Shirley is not eligible for relief under *Johnson* and will dismiss the Motion.

## FACTUAL AND LEGAL BACKGROUND

On December 14, 2012, Shirley was charged with robbery through use of force, violence, and intimidation in Indian Country in violation of 18 U.S.C. § 2111. (CR Doc. 1). He was subsequently indicted on one count of Robbery in Indian Country under § 2111 and one count of Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (CR Doc. 16).

On October 24, 2005, Shirley entered into a Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement in which he pled guilty to the second count of Brandishing a Firearm During and in Relation to a

1

Crime of Violence in violation of 18 U.S.C. § 924(c) and stipulated to an 84 month sentence. (CR Doc. 49). In the Plea Agreement, Shirley stipulated, as true and correct, that:

> "On or about November 30, 2012, in Indian County, in San Juan County, in the District of New Mexico, I, Eddie Shirley, an Indian, with Jane Doe, knowingly used and brandished a firearm during and in relation to a crime of violence, that being robbery, and took by force and violence, and by intimidation, from the person and presence of A.H., T.B., M.S., and L.H., a thing of value, namely money belonging to the Sonic Drive-In Restaurant."

(Doc. 49, at 3 ¶ 7). Shirley was then sentenced to a term of incarceration of 84 months. (CR Doc. 66).

Shirley filed his Motion under 28 U.S.C. § 2255 on June 22, 2016. (CV Doc. 1; CR Doc. 92). Shirley contends that *Johnson* invalidates the residual clause of 18 U.S.C. § 924(c)(3)(B) and that his predicate crime of robbery in Indian Country under 18 U.S.C. § 2111 is not a crime of violence as defined in the element or force clause of § 923(c). (CV Doc. 1 at 6-10; CR Doc. 92 at 6-10).

## APPLICABLE LAW ON *JOHNSON V. UNITED STATES* AND SECTION 2255 COLLATERAL REVIEW

Shirley seeks collateral review of his sentence in CR 13-00067 WJ under 28 U.S.C. § 2255. Section 2255 provides:

> "A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

28 U.S.C. § 2255(a). Because Shirley seeks collateral review more than a year after his sentences became final, he relies on a right newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review in *Johnson* and *Welch v. United States,* 578 U.S. ___, 136 S.Ct. 1257 (2016). See 28 U.S.C. § 2255(f)(3).

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and imposing an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563. Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924 (e)(2)(B). The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague. 135 S.Ct. at 2555-2563. The language of § 924(e)(2)(B)(i), which defines "violent felony" to mean a crime that "has as an element the use, attempted use, or threatened use of physical force," is commonly referred to as the "element" or "force" clause. The "enumerated" clause is the language of § 924(e)(2)(B)(ii) that lists the crimes of burglary, arson, extortion, or the use of explosives as violent felonies. The Supreme Court expressly stated that its holding with respect to the residual clause does not call into question application of the Act to the four enumerated offenses or the remainder of the definition of a violent felony in § 924(e)(2)(B). 135 S.Ct. at 2563. Therefore,

3

the *Johnson* decision has no application to sentences enhanced under the force or element clause of § 924(e)(2)(B)(i) or the enumerated clause of § 924(e)(2)(B)(ii).

<u>**ANALYSIS OF MOVANT SHIRLEY'S CLAIM**</u>

**I. *JOHNSON* DOES NOT CLEARLY INVALIDATE THE RESIDUAL CLAUSE OF § 924(c):**

Shirley's sentence was not enhanced under § 924(e)(2)(B) of the ACCA. Instead, Shirley argues that the *Johnson* ruling should be extended to the residual clause of 18 U.S.C. § 924(c). The question of whether *Johnson* applies to invalidate the residual clause language of § 924(c) is an unsettled question. In *Johnson,* the Supreme Court indicated that its ruling did not place the language of statutory provisions like the § 924(c)(3)(B) residual clause in constitutional doubt. 135 S.Ct. at 2561. The lower courts have divided on the question of application of the *Johnson* ruling to § 924(c) and similarly-worded provisions. Compare *United States v. Hill*, 832 F.3d 135, 146 (2nd Cir. 2016), *United States v. Taylor,* 814 F.3d 340, 375-79 (4th Cir. 2016), and *United States v. Prickett*, 839 F.3d 697, 699 (8th Cir. 2016) ( declining to find § 924(c) void for vagueness) with *United States v. Vivas-Ceja,* 808 F.3d 719, 723 (7th Cir. 2015) (finding language similar to § 924(c) void for vagueness); *Dimaya v. Lynch,* 803 F.3d 1110, 1120 (9th Cir. 2015) (holding similar language in the Immigration and Nationality Act void); *In re Smith*, 829 F.3d 1276, 1278-80 (11th Cir. 2016) (noting the issue but not deciding it in the context of an application for permission to file a second or successive § 2255 motion).

Courts have cited several grounds that distinguish the ACCA § 924(e)(2)(B) residual clause from § 924(c)(3)(B). First, the statutory language of § 924(c)(3)(B) more narrowly defines "crime of violence" based on physical force rather than physical injury. While the ACCA residual clause simply requires conduct "that presents a serious potential risk of physical injury to another," § 924(c)(3)(B) requires the risk "that *physical force* against the person or property of

another may be used *in the course of* committing the offense." 18 U.S.C. § 924(c)(3)(B) (emphasis added). By requiring that the risk of physical force arise "in the course of" committing the offense, the language of § 924(c)(3)(B) mandates that the person who may potentially use physical force be the charged offender. *See United States v. Taylor,* 814 F.3d at 376-77.

Moreover, § 924(c)(3)(B), unlike § 924(e)(2)(B), requires that the felony be one which "by its nature" involves the risk that the offender will use physical force. In *Johnson*, the Supreme Court was concerned with the wide judicial latitude permitted by the ACCA's residual clause language that did not limit a court's inquiry to the elements of the crime. 135 S.Ct. at 2557. Section 924(c)(3)(B), by contrast, does not allow a court to consider risk-related conduct beyond the elements of the predicate crime. The phrase "by its nature" restrains the court's analysis to the risk of force in the offense, itself. *See United States v. Amos,* 501 F.3d 524, 527 (6th Cir.2007), *United States v. Stout,* 706 F.3d 704, 706 (6th Cir.2013). *United States v. Serafin,* 562 F.3d 1105, 1109, 1114 (10th Cir.2009); see *also Leocal v. Ashcroft,* 543 U.S. 1, 10 (2004) (construing the language of 18 U.S.C. § 16(b)).

Second, the *Johnson* Court was concerned that the enumerated crimes in the ACCA, when paired with the residual clause, cause confusion and vagueness in the application of the residual clause. 135 S.Ct. at 2561. The lower courts have noted no similar concerns with § 924(c)(3)(B). The ACCA links the residual clause by the word "otherwise" to the four enumerated crimes. *Johnson,* 135 S.Ct. at 2558. The *Johnson* Court explained that by using the word "otherwise," "the residual clause forces courts to interpret 'serious potential risk' in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives." *Id.* Gauging the level of risk required was difficult because the four listed crimes "are 'far from clear in respect to the degree of risk each poses.'" *Id.* (quoting *Begay v. United*

5

*States,* 553 U.S. 137, 143, (2008)). Unlike the ACCA, § 924(c)(3)(B) does not link its "substantial risk" standard "to a confusing list of examples." *Johnson,* 135 S.Ct. at 2561.

The *Johnson* Court addressed the fact that the ACCA residual clause requires the application of a categorical approach to analysis of the predicate crime. *Johnson,* 135 S.Ct. at 2557–58. The Court refrained from invalidating the categorical analysis. *Id.* at 2561–62. Instead, the Court stated that the ordinary case analysis *and* the level-of-risk requirement "conspire[d] to make [the statute] unconstitutionally vague," and determined that the concern with the ACCA residual clause was that it combined an overbroad version of the categorical approach with other vague elements. *Id.* at 2557. Statutes like Section § 924(c)(3)(B)'s residual clause do not raise the same analytical concerns when combined with the categorical approach. *Id.* at 2561.

Third, the Supreme Court reached its void-for-vagueness conclusion only after deciding a number of cases calling for interpretation of the clause. *See e.g. James v. United States,* 550 U.S. 192 (2007); *Begay v. United States*, 553 U.S. 137 (2008); *Chambers v. United States*, 555 U.S. 122 (2009); *Sykes v. United States,* 564 U.S. 1 (2011). In *Johnson,* the Court recognized its "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause." 135 S.Ct. at 2558. In the nine years preceding *Johnson,* the Court had applied four different analyses to the residual clause. *See id.* at 2558–59. These inconsistent decisions led to "pervasive disagreement about the nature of the inquiry one is supposed to conduct and the kinds of factors one is supposed to consider." *Id.* at 2560. By contrast, the Supreme Court has not been called on multiple occasions to articulate a standard applicable to the § 924(c)(3)(B) analysis.

The question of whether the reasoning of *Johnson* should extend to the residual clause of § 924(c)(3)(B) remains unsettled. However, the Court need not determine in this case whether

*Johnson* should apply to invalidate the residual clause of § 924(c)(3)(B). As set out, below, even if *Johnson* was extended to § 924(c), Shirley's predicate crime of Robbery in Indian Country comes within the force or element clause, not the residual clause, and he is not eligible for resentencing.

**II. ROBBERY IN INDIAN COUNTRY UNDER 18 U.S.C. § 2111 IS A CRIME OF VIOLENCE UNDER THE "FORCE" OR "ELEMENT" CLAUSE:**

Under 18 U.S.C. § 924(c)(1)(A), a defendant who "uses or carries" a firearm "during and in relation to any crime of violence" faces a five-year mandatory minimum sentence, to run consecutively to any sentence for the underlying offense. *See United States v. Johnson,* 32 F.3d 82, 85 (4th Cir.1994). If, during the commission of the crime of violence, "the firearm is discharged," the mandatory minimum sentence increases to ten years. *See* § 924(c)(1)(A)(iii). Section 924(c)(3) defines "crime of violence" to mean:

> "[A]n offense that is a felony and—
> (A) has as an element the use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(3). Shirley contends that his underlying § 2111 conviction does not qualify as a crime of violence under the "force" or "element" clause of § 924(c)(3)(A) and, therefore, must come within the presumably invalid residual clause language of § 924(c)(3)(B). Contrary to Shirley's argument, the crime charged against Shirley clearly has as an element the use, or threatened use of physical force against the person or property of another and supports enhancement of his sentence under § 924(c) without resort to the residual clause language.

To determine whether a prior conviction constitutes a crime of violence under the force or element clause, the Court employs a categorical approach. *United States v. Perez–Jiminez,*

654 F.3d 1136, 1140 (10th Cir.2011). The Court looks only to the fact of conviction and the statutory definition of the prior offense, and does not generally consider the particular facts disclosed by the record of conviction. *United States v. Wray*, 776 F.3d 1182, 1185 (10th Cir. 2015). Where a statute defines multiple crimes by listing alternative elements, the Court utilizes a modified categorical approach, which permits the Court to look at the charging documents to determine the elements under which the defendant was charged and convicted. *See Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 2248-49 (2016).

Taking by force or violence under § 2111 remains a crime of violence under the force clause without reference to the residual clause. The language under § 2111, aside from a special maritime and territorial jurisdictional requirement, is essentially identical to that of § 2113, which prohibits armed bank robbery and a lesser-included offense of bank robbery. In *United States v. Wright*, 215 F.3d 1020 (9th Cir. 2000), the Ninth Circuit held that armed bank robbery under § 2113(a) qualifies as a crime of violence, and thus, may serve as a predicate offense to support a conviction for using or carrying a firearm under § 924(c). *Id.* at 1028. The Court reasoned, "18 U.S.C. § 924(c)(3) defines a crime of violence for purposes of § 924(c) as a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' Taking by Force or Violence qualifies as a crime of violence because one of the elements of the offense is a "taking by force and violence, or by intimidation." *Id.* (quoting 18 U.S.C. § 2113(a)); *see United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (finding that "requirement that property be taken either 'by force and violence' or 'by intimidation' requires proof of force or threat of force as an element of the offense.") (internal quotation marks and citation omitted); *United States v. Steppes*, 651 Fed.Appx. 697,

698 (9th Cir. 2016) (citing *Selfa* and holding § 2113(a) qualifies as a crime of violence under the force clause in § 4B1.2(a)).

The courts have uniformly ruled that federal statutory crimes involving takings by force, violence, or intimidation, have as an element the use, attempted use, or threatened use of physical force. In *United States v. Boman,* 810 F.3d 534 (8th Cir.2016) the Eighth Circuit held that robbery in the special maritime and territorial jurisdiction of the United States under 18 U.S.C. § 2111 satisfied the similarly worded force clause in the Armed Career Criminal Act ("ACCA"), because it required a taking "by force and violence, or by intimidation." *Boman,* 810 F.3d at 542–43. The Second and Eleventh Circuits reached the same conclusion with respect to the carjacking statute, 18 U.S.C. § 2119. *See United States v. Moore,* 43 F.3d 568, 572–73 (11th Cir.1994); *United States v. Mohammed,* 27 F.3d 815, 819 (2d Cir.1994). The Fourth Circuit expressly stated in *Adkins,* that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' " *See* 937 F.2d at 950 n. 2 (quoting 18 U.S.C. § 924(c)(3)(A)). The courts have also consistently determined that a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2, which contains force clause language nearly identical to the § 924(c)(3) force clause. *See Johnson v. United States,* 779 F.3d 125, 128–29 (2d Cir.2015); *United States v. Davis,* 915 F.2d 132, 133 (4th Cir.1990); *United States v. Maddalena,* 893 F.2d 815, 819 (6th Cir.1989); *United States v. Jones,* 932 F.2d 624, 625 (7th Cir.1991); *United States v. Selfa,* 918 F.2d 749, 751 (9th Cir.1990). Under the law, a taking "by force and violence" entails the use of physical force.

Shirley argues that, because the language of § 2111 includes "intimidation," it is overbroad and encompasses language that does not qualify as the use or attempted use of force.

9

However, the Courts have held that, a taking "by intimidation" involves the threat to use such force. *See, e.g., Jones,* 932 F.2d at 625 ("Intimidation means the threat of force"); *Selfa,* 918 F.2d at 751 (explaining that the intimidation element of § 2113(a) meets the Guidelines § 4B1.2(1) requirement of a threatened use of physical force). Taking under § 2111 "by intimidation," requires an element that is "the use, attempted use, or threatened use of physical force," and thus taking by intimidation under § 2111 constitutes a crime of violence under the force clause of § 924(c)(3). *See United States v. Gilmore*, 282 F.3d 398, 402 (6th Cir. 2002).

Moreover, Shirley expressly pled guilty to taking by force and violence, ***and*** by intimidation. (CR Doc. 49 at 3 ¶ 7). He was charged with and convicted of taking by force as well as taking by intimidation. Regardless of whether "intimidation" has as an element the threatened use of physical force, Shirley was convicted of crimes that include an element that is the use, attempted use, or threatened use of physical force. *Mathis v. United States*, 136 S.Ct. at 2248-49. Shirley's sentence was properly enhanced under the force clause of § 924(c)(3)(A) and without resort to the residual clause of § 924(c)(3)(B); therefore, he is not entitled to relief. Accordingly, the Court dismisses his Motion under Rule 4(b) of the Rules Governing Section 2255.

Under 28 U.S.C. § 2253(c)(1) and (3), the Court also determines that Shirley has not made a substantial showing of denial of a constitutional right. Therefore, the Court denies a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings.

**IT IS THEREFORE ORDERED** that the Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Movant Eddie Shirley on June 22, 2016 (CV Doc. 1; CR Doc. 92) is **DISMISSED** under Rule 4(b) of the Rules Governing Section 2255 Proceedings; and a Certificate of Appealability is **DENIED** under Rule 11(a).

_____
CHIEF UNITED STATES DISTRICT JUDGE